THOMAS J. MONARCH ET AL. *v.* HENRY W. SCOTT.

**Pleading—Reply, When Not Necessary.**

A counterclaim or set-off which does not contain allegations necessary to constitute a cause of action, and which is in effect a mere denial of plaintiff's right to recover, does not require a reply.

APPEAL FROM DAVIESS CIRCUIT COURT.

March 10, 1874.

OPINION BY JUDGE PRYOR:

The substance of the agreement between the appellee and Monarch compelled the latter to account for the moneys collected by him as deputy, and imposed a liability on his sureties upon his failure to do so.

The two sums of money in controversy were advanced by the appellee to enable Monarch to collect the payments due or required to be made on the county bonds. The word "loaned," used by the appellants in giving a history of the manner in which the money was obtained, means nothing more than that Monarch, having failed to make the payment, or being in want of funds for

that purpose, the appellee furnished him the money. No note was taken for the amount, and when handed by Scott to Monarch the latter had it placed to his, Monarch's, credit in the deposit bank. The money has never been repaid Scott, and his right to make the sureties liable for it will not admit of controversy.

The reply lodged with the papers was evidently regarded as traversing the statements made in what is termed the counterclaim or set-off. This pleading, however, needed no reply, as it fails to contain the allegations necessary to constitute a cause of action, and is in effect a mere denial of appellants' right to recover. An exhibit of the accounts between the parties is made in the pleadings, and if not, is to be found in the report made by the commissioner. No judgment should have been rendered for the item of sixty dollars interest—the whole account had been litigated, except the two items of $560 and $496.30, and a judgment rendered upon which an execution was directed to issue. This judgment could not be disturbed at a subsequent term of the court without the consent of the parties, or in the absence of such a proceeding as would authorize the court to vacate or modify it. The judgment of the court below is reversed as to the item of sixty dollars alone, the appellee being entitled to his judgment for the balance.

*Williams,* for *appellants.*

*Sweeney & Stewart,* for *appellee.*